# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    Plaintiff,<br> v.<br>JOHN DOE,<br><br>    Defendant. | Case No. 2:12-cv-5709-ODW(JCx)<br><br>**ORDER VACATING PRIOR EARLY DISCOVERY ORDERS AND ORDER TO SHOW CAUSE** |

  This copyright infringement case filed by Plaintiff AF Holdings LLC has been transferred to this Court. The Court hereby **VACATES** any prior order in this case allowing for the issuance of a Rule 45 subpoena prior to a Rule 26(f) scheduling conference. The Court also orders AF Holdings to cease its discovery efforts relating to or based on information obtained through any abovementioned Rule 45 subpoenas. Within 14 days of this order, AF Holdings shall submit a discovery status report detailing its discovery efforts in this case with respect to identifying or locating the Doe Defendant. This report must name all persons that have been identified, including subscribers, through any Rule 45 subpoenas. Failure to timely comply with this order will result in the dismissal of this case.

  The Court is concerned with the potential for discovery abuse in cases like this. AF Holdings accuses the Doe Defendant of illegally copying a pornographic video. But the only information AF Holdings has is the IP address of the Doe Defendant. An IP address alone may yield subscriber information, but that may only lead to the

person paying for the internet service and not necessarily the actual infringer, who may be a family member, roommate, employee, customer, guest, or even a complete stranger. *Malibu Media LLC v. John Does 1–10*, No. 2:12-cv-01642-RGK-SSx, slip op. at 4 (C.D. Cal. Oct. 10, 2012). And given the subject matter of AF Holdings's accusations and the economics of defending such a lawsuit, it is highly likely that the subscriber would immediately pay a settlement demand—regardless whether the subscriber is the actual infringer. This Court has a duty to protect the innocent citizens of this district from this sort of legal shakedown, even though a copyright holder's rights may be infringed by a few deviants. Thus, when viewed with the public interest in mind, the Court is reluctant to allow any fishing-expedition discovery when all a plaintiff has is an IP address—the burden is on the plaintiff to find other ways to more precisely identify the accused infringer without causing collateral damage.

Thus, the Court hereby **ORDERS** AF Holdings **TO SHOW CAUSE** in writing within 14 days why early discovery is warranted in this situation. Under Ninth Circuit precedent, a plaintiff should ordinarily be allowed discovery to uncover their identities, but discovery may be denied if it is (1) clear that discovery would not uncover the identities, or (2) that the complaint would be dismissed on other grounds. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). AF Holdings must demonstrate to the Court, in light of the Court's above discussion, how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens. Failure to timely comply with this order will also result in the dismissal of this case.

AF Holdings's discovery status report and response to this Order to Show Cause should be filed only in case no. 2:12-cv-5709-ODW(JCx), and should be combined with the discovery status reports and responses for the related cases, unless

1  AF Holdings believes that separate papers are necessary to distinguish the differences
2  between the individual cases.
3  **IT IS SO ORDERED.**
4  October 19, 2012

6  _____
7  **OTIS D. WRIGHT, II**
   **UNITED STATES DISTRICT JUDGE**

3