Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,        ) | **Case No. 2:12-cv-05709-ODW (JCx)** (Lead Case) |
| Plaintiff,   ) | AND RELATED CASES |
| v.   ) | 12-CV-5712, 12-CV-5722, 12-CV-5724, 12-CV-5725, 12-CV-6636, 12-CV-6637, 12-CV-6659, 12-CV-6665, 12-CV-6667, 12-CV-6669, 12-CV-6670, 12-CV-7384, |
| JOHN DOE,   ) Defendant.   ) | 12-CV-7387, 12-CV-7391, 12-CV-7401, 12-CV-7402, 12-CV-7403, 12-CV-7405, 12-CV-7406, 12-CV-7407, 12-CV-8320, 12-CV-8321, 12-CV-8325 |
| _____ ) | |
| AND RELATED CASES.   ) | **PLAINTIFF'S DISCOVERY STATUS REPORT AND RESPONSE TO ORDER TO SHOW CAUSE** |
| _____ ) | |

Plaintiff AF Holdings, LLC, by and through its undersigned counsel, hereby

submits its response to the Court's Order to Show Cause of October 19, 2012 in AF

Holdings LLC v. John Doe, 2:12-cv-05709-ODW (JCx) (hereinafter "October 19

Order"). In this response, Plaintiff seeks to: (1) present a comprehensive report on the

discovery status of the individual cases related to the October 19 Order; and (2)

demonstrate why early discovery is warranted in AF Holdings LLC v. John Doe, 2:12-

cv-5709 and all its related cases

///

///

# I.   DISCOVERY STATUS REPORT

(1) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-05709-ODW (JCx)

(a) Plaintiff filed its Complaint on July 2, 2012. (ECF No. 1.) On July 10, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 5.) On July 16, 2012, Honorable Michael W. Fitzgerald granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 6.) Pursuant to this Order, Plaintiff issued a subpoena upon the Defendant's Internet Service Provider (ISP) Road Runner Holdco, LLC ("Road Runner") on July 17, 2012 and served the subpoena on July 18, 2012.

(b) Plaintiff received the requested information about the subscriber related to the IP address 66.27.196.248 from Road Runner. The name of the subscriber is Liu Hsia Guo.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter.  Plaintiff intends to name

that individual in this lawsuit unless its claims are resolved without further court involvement.

(2) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-05712-ODW (JCx)

(a) Plaintiff filed the Complaint on July 2, 2012. (ECF No. 1.) On July 10, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On July 12, 2012, Honorable Patrick J. Walsh granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 7.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider (ISP) Verizon Online, LLC ("Verizon") on July 16, 2012.

(b) Plaintiff received the requested information about the subscriber related to the IP address 71.118.169.163 from Verizon. The name of the subscriber is Verna Juarez.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter.  Plaintiff intends to name

that individual in this lawsuit unless its claims are resolved without further court involvement.

(3) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-05722-ODW (JCx)

(a) Plaintiff filed the Complaint on July 2, 2012. (ECF No. 1.) On July 10, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On July 12, 2012, Honorable John A. Kronstadt granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 7.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Verizon Online, LLC ("Verizon") on July 16, 2012.

(b) Plaintiff received the requested information about the subscriber related to the IP address 173.51.46.28 from Verizon. The name of the subscriber is Gilbert Pegues.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter.  Plaintiff intends to name

that individual in this lawsuit unless its claims are resolved without further court involvement.

(4) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-05724-ODW (JCx)

(a) Plaintiff filed the Complaint on July 2, 2012. (ECF No. 1.) On July 10, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 5.) On July 18, 2012, Honorable Gary A. Feess granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 6.) Pursuant to this Order, Plaintiff issued a subpoena for the Defendant's Internet Service Provider ("ISP") Road Runner Holdco, LLC ("Road Runner") on July 19, 2012 and served the subpoena on July 20, 2012.

(b) Plaintiff received the requested information about the subscriber related to the IP address 76.172.144.175 from Road Runner. The name of the subscriber is Kristina Yanez.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter.  Plaintiff intends to name

5

that individual in this lawsuit unless its claims are resolved without further court involvement.

(5) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-05725-ODW (JCx)

   (a) Plaintiff filed the Complaint on July 2, 2012. (ECF No. 1.) On July 10, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On July 11, 2012, Honorable John E. McDermott granted Plaintiff's *Ex Parte* Application in an Order ("July 11 Order"). (ECF No. 7.) Pursuant to this Order, Plaintiff issued a subpoena upon the Defendant's Internet Service Provider ("ISP") SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") on July 12, 2012 and served the subpoena on the same day in order to obtain information regarding the subscriber associated with the IP address 75.38.25.176. The July 11 Order was vacated by the Honorable Otis D. Wright, II on October 19, 2012. (ECF No. 9.)

   (b) Plaintiff did not receive any information regarding this subscriber from AT&T.

   (c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(6) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-06636-ODW (JCx)

   (a) Plaintiff filed the Complaint on August 1, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 10.) On September 4, 2012, the Honorable Frederick F. Mumm granted Plaintiff's *Ex Parte* Application in an Order ("September 4 Order"). (ECF No. 11.)

6

Pursuant to this Order, Plaintiff issued a subpoena for the Defendant's Internet Service Provider (ISP) Verizon Online LLC ("Verizon") on September 5, 2012 and served it on September 6, 2012 in order to obtain information regarding the subscriber associated with the IP address 71.106.57.116. The September 4 Order was vacated by the Honorable Otis D. Wright, II on October 19, 2012. (ECF No. 13.)

(b) Plaintiff did not receive any information regarding this subscriber from Verizon.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(7) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-06637-ODW (JCx)

(a) Plaintiff filed the Complaint on August 1, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 9.) On August 30, 2012, the Honorable Ralph Zarefsky granted Plaintiff's *Ex Parte* Application in an Order ("August 30 Order"). (ECF No. 11.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Road Runner Holdco, LLC ("Road Runner") on August 31, 2012 in order to obtain information regarding the subscriber associated with the IP address 76.169.108.45. The August 30 Order was vacated by the Honorable Otis D. Wright, II on October 19, 2012. (ECF No. 13.)

(b) Plaintiff did not receive any information regarding this subscriber from Road Runner.

7

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(8) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-06659-ODW (JCx)

(a) Plaintiff filed the Complaint on August 2, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 4.) On August 29, 2012, the Honorable Christina A. Snyder granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 6.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Verizon Online, LLC ("Verizon") on August 28, 2012 in order to obtain information regarding the subscriber associated with the IP address 71.106.44.52.

(b) Plaintiff did not receive any information regarding this subscriber from Verizon.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(9) AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-06665-ODW (JCx)

(a) Plaintiff filed the Complaint on August 2, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On August 27, 2012, the Honorable Dean D. Pregerson ordered stricken Plaintiff's *Ex Parte* Application in an Order. (ECF No. 7.) Pursuant to this Order, Plaintiff filed its Renewed *Ex Parte* Application for Leave to Take Expedited Discovery on August 27, 2012 (ECF No. 8.) On September 5th, 2012,

8

the Honorable Dean D. Pregerson denied without prejudice Plaintiff's Renewed *Ex Parte* Application for leave to take expedited discovery and ordered Plaintiff to Show Cause with regard to personal jurisdiction (ECF No. 9.) On September 17, Plaintiff filed its Response to the Court's Order to Show Cause (ECF No. 10.)

(b) Plaintiff did not receive any information regarding this subscriber from Comcast Cable Communications LLC.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(10)     AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-06667-ODW (JCx)

(a) Plaintiff filed the Complaint on August 2, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On August 27, 2012, the Honorable Stephen J. Hillman granted Plaintiff's *Ex Parte* Application in an Order ("August 27 Order"). (ECF No. 7.) Pursuant to this Order, Plaintiff issued a subpoena upon the Defendant's Internet Service Provider ("ISP") Charter Communication, LLC ("Charter") on August 28, 2012 in order to obtain information regarding the subscriber associated with the IP address 24.176.226.177.

(b) Plaintiff did receive the requested information from Charter. The subscriber's name is Sandy Young.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically,

9

Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identify another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff's investigation is ongoing.

(11)　　AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-06669-ODW (JCx)

(a) Plaintiff filed the Complaint on August 2, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On September 4, 2012, the Honorable Fernando M. Olguin granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 8.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Verizon Online LLC ("Verizon") on September 5, 2012 in order to obtain information regarding the subscriber associated with the IP address 71.118.185.55.

(b) Plaintiff did not receive any information regarding this subscriber from Verizon.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(12)　　AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-06670-ODW (JCx)

(a) Plaintiff filed the Complaint on August 2, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for Leave to

10

Take Expedited Discovery. (ECF No. 5.) On August 29, 2012, the Honorable Christina A. Snyder granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 6.) Pursuant to this Order, Plaintiff issued a subpoena for the Defendant's Internet Service Provider ("ISP") Verizon Online LLC ("Verizon") on August 30, 2012 and served the subpoena on August 31, 2012 in order to obtain information regarding the subscriber associated with the IP address 108.23.117.228.

(b) Plaintiff did not receive any information regarding this subscriber from Verizon.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(13)     AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07384-ODW (JCx)

(a) Plaintiff filed the Complaint on August 28, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On September 19, 2012, the Honorable John A. Kronstadt denied Plaintiff's *Ex Parte* Application in an Order ("September 19 Order"). (ECF No. 9.) The September 19 Order was vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 13.)

(b) Plaintiff did not receive any information regarding this subscriber associated with the IP address 67.49.108.156.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

11

(14)     AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07387-ODW (JCx)

(a) Plaintiff filed the Complaint on August 28, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 7.) On September 13, 2012, the Honorable Jacqueline Chooljian granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 8.) Pursuant to this Order, Plaintiff issued a subpoena for the Defendant's Internet Service Provider ("ISP") Road Runner Holdco LLC ("Road Runner") on September 13, 2012 and served the subpoena on September 14, 2012 in order to obtain information regarding the subscriber associated with the IP address 76.89.191.106.

(b) Plaintiff did not receive any information regarding this subscriber from Road Runner.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(15)     AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07391-ODW (JCx)

(a) Plaintiff filed the Complaint on August 28, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 5.) On September 14, 2012, the Honorable Ralph Zarefsky granted Plaintiff's *Ex Parte* Application in an Order ("September 14 Order"). (ECF No. 6.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Road Runner Holdco LLC ("Road Runner") on September 17, 2012 in order to

12

obtain information regarding the subscriber associated with the IP address 76.90.118.186.

(b) Plaintiff did not receive any information regarding this subscriber from Road Runner.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(16)     AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07401-ODW (JCx)

(a) Plaintiff filed the Complaint on August 29, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 7.) This case was transferred on October 5, 2012 to Magistrate Judge Chooljian (ECF No. 8), and any previous early discovery orders were vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 10.)

(b) Plaintiff did not receive any information regarding the subscriber associated with the IP address 76.95.241.163.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(17)     AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07402-ODW (JCx)

(a) Plaintiff filed the Complaint on August 29, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On September 17, 2012, the Honorable Gary A. Feess granted Plaintiff's *Ex Parte* Application in an Order ("September 17 Order"). (ECF No. 9.) The September 17

13

Order was vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 11.)

(b) Plaintiff issued and served Verizon Online, LLC ("Verizon") on September 19, 2012 in order to obtain information regarding the subscriber associated with the IP address 71.189.173.168. Plaintiff has not received any requested information from Verizon.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(18)    AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07403-ODW (JCx)

(a) Plaintiff filed the Complaint on August 29, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 10.) This case was transferred on October 5, 2012 to Magistrate Judge Chooljian (ECF No. 11), and any previous early discovery orders were vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 12.)

(b) Plaintiff has not received any requested information on this subscriber associated with the IP address 173.58.144.109.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(19)    AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07405-ODW (JCx)

(a) Plaintiff filed the Complaint on August 29, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 7.) On September 18, 2012, the Honorable Frederick F. Mumm granted Plaintiff's *Ex Parte*

14

Application in an Order ("September 18 Order"). (ECF No. 8.) The September 18 Order was vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 10.)

(b) Plaintiff did receive the requested information from Charter. The subscriber's name is Andy Vien.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identify another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff's investigation is ongoing.

(20)   AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07406-ODW (JCx)

(a) Plaintiff filed the Complaint on August 29, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On September 14, 2012, the Honorable Christina A. Snyder granted Plaintiff's *Ex Parte* Application in an Order ("September 14 Order"). (ECF No. 9.) The September 14 Order was vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 12.)

(b) Plaintiff issued and served Cox Communications, Inc. ("Cox") on September 18, 2012 in order to obtain information regarding the

15

subscriber associated with the IP address 68.99.190.38. Plaintiff has not received any requested information from Cox.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(21)　　AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-07407-ODW (JCx)

(a) Plaintiff filed the Complaint on August 29, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 9.) This case was transferred on October 5, 2012 to Magistrate Judge Chooljian (ECF No. 11), and any previous early discovery orders were vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 12.)

(b) Plaintiff has not received any requested information about the subscriber associated with the IP address 76.175.73.72.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(22)　　AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-08320-ODW (JCx)

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) This case was transferred on October 5, 2012 to Magistrate Judge Chooljian (ECF No. 9), and any previous early discovery orders were vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 11.)

(b) Plaintiff has not received any requested information about the subscriber associated with the IP address 71.106.65.201.

16

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(23)      AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-08321-ODW (JCx)

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) This case was transferred on October 5, 2012 to Magistrate Judge Chooljian (ECF No. 9), and any previous early discovery orders were vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 11.)

(b) Plaintiff has not received any requested information about the subscriber associated with the IP address 64.183.53.14.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(24)      AF HOLDINGS LLC v. JOHN DOE, 2:12-cv-08325-ODW (JCx)

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) This case was transferred on October 5, 2012 to Magistrate Judge Chooljian (ECF No. 9), and any previous early discovery orders were vacated on October 19, 2012 by the Honorable Otis D. Wright, II. (ECF No. 12.)

(b) Plaintiff has not received any requested information about the subscriber associated with the IP address 173.58.57.119.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

17

## II.    PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Plaintiff respectfully now responds to this Court's Order to Show Cause as to why early discovery is warranted in this situation. (ECF No. 9 at 2.) The issue raised by the Order is "how [Plaintiff] would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens." (*Id.*) Plaintiff responds as follows.

### A. THE SUFFICIENCY OF AN IP ADDRESS

Plaintiff notes, and certainly understands, the discomfort expressed by the Court with the fact that a given IP address does not literally correspond to the identity of a specific person, in the way that, for example, his fingerprints would. Plaintiff now takes a step back to discuss the exact nature of what IP addresses *do* tell us with certainty. An IP address, at its most fundamental level, is a number assigned to devices, such as computers, that are connected to the Internet. Internet Service Providers maintain a database, for each of their customers, identifying the specific IP address that was assigned to each customer at a given date and time. At this stage—when ISPs respond to the subpoena—we know with certainty that a given subscriber was assigned the specific IP address committing copyright infringement at that specific date and time.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND DISCOVERY STATUS REPORT   No. 2:12-cv-05709-ODW-JC

As in the case of a handgun that was registered to a certain individual and was used in a murder, it is certainly within the realm of possibility that the subscriber of a given IP address at a given date and time was not the one who committed the alleged illegal acts, just as it is possible that the hypothetical handgun registrant did not commit the murder. But Plaintiff strongly asserts here that, in the instant case as much as in the hypothetical, one *must* begin the inquiry with the most logical individual – i.e. the gun owner or IP address subscriber.

Fraud, identity theft, and the sharing of child pornography are but a few of the multitude of injuries that a malicious individual can carry out through the use of the Internet. If courts, generally, were to decide that IP addresses are insufficient merely because *there is a possibility that the subscriber of the IP address was not in control of the IP address*, then neither law enforcement nor any private actors who have suffered harms committed via the Internet would have any recourse for those harms. In other words, if the use of IP addresses is disallowed, how else would one even begin the inquiry into who committed a given harm that was carried out online?

Law enforcement has certainly faced this very dilemma, and it has been repeatedly determined through litigation that law enforcement's decision to use IP addresses as the basis to investigate and criminally prosecute a given defendant is one that satisfies probable cause. Plaintiff concedes that not every single court in the nation has found an allegation based upon an IP address to be sustainable. Many

courts have, however, found such an allegation to be sustainable, in both the civil context and the higher-standard criminal context. (See, e.g. *U.S. v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000); *U.S. v. Perrine*, 518 F. 3d 1196, 1204 (10th Cir. 2008); *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp 2d 556, 567 (S.D. NY 2004).)

### B. HOW PLAINTIFF PROCEEDS TO IDENTIFY THE INFRINGER

Upon receiving a subscriber's information from the ISP, Plaintiff begins its investigation by contacting the subscriber. The subscriber is the most likely person to have committed the infringement, and if he in fact did not do so, he is the most likely person to know who may have done so. Indeed, the subscriber is the *only* person from whom Plaintiff, and others similarly situated—in having their copyrights, or other protected material, violated online—could glean such information. Once the subscriber is identified, the steps going forward are very similar to those in more typical cases.

Specifically, Plaintiff and subscriber will discuss the matter. In some instances, subscriber himself admits to having infringed Plaintiff's copyright. In other instances, subscriber acknowledges that another member of the household infringed Plaintiff's copyright, or likely did so. In yet other instances, the subscriber chooses to remain silent.  As with any other type of litigation, Plaintiff does offer many subscribers the opportunity to settle. Plaintiff notes that, according to the Notice to Parties of Court-Directed ADR Program that is issued by this very Court, "of the more than 9000 civil

cases filed in the [Central] District [of California] annually, less than 2 percent actually go to trial.  The remaining cases are, for the most part: settled between the parties [or end in other pre-trial outcomes]…" Given such statistics, it would be shocking if Plaintiff *did not* offer settlement, and it is even more shocking that this Court would characterize Plaintiff's decision to offer the opportunity to settle its claim as a "legal shakedown." (October 19 Order at 2.) It is a known aspect of civil litigation that settlement is cheaper and more efficient than trial. Plaintiff is always eager to prove its claims at trial, but is often able to come to an agreement with the subscribers, thus saving both the parties and the Court the time and expense of litigating further.

## C. HARASSMENT AND EMBARRASSMENT

Plaintiff now turns to the Court's assertion that Plaintiff must consider "how to minimize harassment and embarrassment of innocent citizens." Plaintiff would suggest that the assumption underlying this assertion is that, since Plaintiff's copyrighted works are pornographic in nature, even the mere *accusation* that someone infringed on Plaintiff's copyrighted works constitutes "harassment and embarrassment." First of all, Plaintiff notes here that there are many types of accusations, within both the civil and criminal legal systems, which could properly be characterized as constituting embarrassment (and, because of their embarrassing nature, harassment as well.) The most obvious example would be possession of child pornography. If law enforcement were to follow the assumption underlying this

21

Court's assertion, then law enforcement could never even initiate a search and seizure of the subscriber of an IP address found to have trafficked in child pornography.

Indeed, nearly any criminal case that has ever been brought in which a criminal defendant was found not guilty, and any civil case in which Plaintiff did not win a judgment on the merits, could theoretically be characterized as constituting "harassment and embarrassment of innocent citizens." Most people, after all, are embarrassed and feel harassed when they are sued or tried for a crime. Not to belabor the point, but it is simply an unavoidable fact of litigation, generally, that sometimes the innocent are accused of bad acts, and at other times those who commit bad acts are not accused at all. Yet despite this discomforting, fundamental underpinning of our legal system, the wheels still keep turning—our legal system is an adversarial one, and though it is not perfect, it is what our society has chosen and is arguably far superior to any other in the world. Plaintiff would assert that, since civil actions constitute publicly available information, such public exposure on the part of defendants is simply an unavoidable consequence of the fact that the content of civil lawsuits is publically available in the first place.

Plaintiff understands that this Court, and a few other Courts before whom Plaintiff has brought its actions, do not necessarily draw the parallel, at first, between other sorts of litigation and that brought by Plaintiff. Plaintiff would suggest that, once again, this is because of the nature of Plaintiff's copyrighted works. Plaintiff asserts

here, however, that it is as entitled to pursue justice for the harms caused it as any other litigant in the civil system. Plaintiff's material, though objectionable to some, is protected by the laws of the United States under the purview of the United States Copyright Act. Plaintiff claims harms under the United States Copyright Act, and Plaintiff has literally no other way of obtaining recompense for those harms than the process it has outlined in its *Ex Parte* Application for Expedited Discovery. (*See,* generally, ECF No. 5.)

This Court, in its Order to Show Cause, expressed concern that the subscriber may not always be the infringer. Plaintiff respectfully asks of this Court the following: if Plaintiff is barred from beginning its investigation by turning to the only person formally associated with an infringing IP address (i.e. the subscriber), to whom else can Plaintiff turn? And if the answer is no one, does that not effectively mean that Plaintiff would be unable to ever assert its rights under the Copyright Act for infringement committed online? This Court may take issue with the specific nature of Plaintiff's content, but Plaintiff notes that downloading *any* copyrighted content for free is illegal; the arguments made herein apply equally to other copyright holders attempting to assert their rights under the Copyright Act for infringement committed online. An IP address may not be perfect, but for now, it's all we've got.

This Court faces a choice: on one hand, the Court can allow the use of a fairly reliable, though imperfect, technique that represents Plaintiff's only hope of obtaining

23

recompense for online infringement of its copyright; on the other, the Court can deny the use of this technique and effectively bar Plaintiff, and others similarly situated, from ever obtaining recompense for online infringement of its copyright. Plaintiff hopes that, in making that choice, this Court frees itself of any prejudice it may hold against the nature of Plaintiff's copyrighted work. The U.S. Copyright Act contains no exceptions for pornography; owners of copyrights to pornography are as justified in pursuing legal action under the Act as owners of copyrights to major motion pictures or documentaries. Plaintiff sincerely hopes that the Court, in keeping with the tradition on which our legal system is founded, recognizes that unpopular rights are just as meritorious of governmental protection as popular ones.

## CONCLUSION

Plaintiff respectfully asserts that early discovery is warranted for the reasons contained herein.

Respectfully submitted,

PRENDA LAW, INC.

**DATED: November 1, 2012**

By:    /s/  Brett L. Gibbs, Esq.
       Brett L. Gibbs, Esq. (SBN 251000)
       Of Counsel to Prenda Law, Inc.
       38 Miller Avenue, #263
       Mill Valley, CA 94941
       blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

24