Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:  (310) 424-5557
Facsimile :  (310) 546-5301

Attorney for: Putative John Doe in 2:12-cv-8333-DMG-PJW

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>        Plaintiff,<br>   v.<br>JOHN DOE,<br><br>        Defendant. | 2:12-cv-05709-ODW-JC<br><br>Assigned to: Judge Otis D Wright, II<br>Referred to: Magistrate Judge Jacqueline Chooljian<br><br>Complaint Filed July 2, 2012<br><br>**JOHN DOE'S NOTICE OF RELATED CASES** |
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>        Plaintiff,<br>   v.<br>JOHN DOE,<br><br>        Defendant. | 2:2012-cv-06635-GHK-RZ<br><br>Assigned to: Judge George H. King<br>Referred to: Magistrate Judge Ralph Zarefsky<br><br>Complaint Filed August 2, 2012 |

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>            Defendant. | 2:2012-cv-06660-GAF-AGR<br><br>Assigned to: Judge Gary A. Feess<br>Referred to: Magistrate Judge Alicia G. Rosenberg<br><br>Complaint Filed August 2, 2012 |
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>            Defendant. | 2:2012-cv-07385-DSF-FFM<br><br>Assigned to: Judge Dale S. Fischer<br>Referred to: Magistrate Judge Frederick F. Mumm<br><br>Complaint Filed August 28, 2012 |
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>            Defendant. | 2:2012-cv-07386-DMG-JEM<br><br>Assigned to: Judge Dolly M. Gee<br>Referred to: Magistrate Judge John E. McDermott<br><br>Complaint Filed August 28, 2012 |

**JOHN DOE'S NOTICE OF RELATED CASES**

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>       Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>       Defendant. | 2:2012-cv-08322-DMG-PJW<br><br>Assigned to: Judge Dolly M. Gee<br>Referred to: Magistrate Judge Patrick J. Walsh<br><br>Complaint Filed September 27, 2012 |
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>       Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>       Defendant. | 2:2012-cv-08333-DMG-PJW<br><br>Assigned to: Judge Dolly M. Gee<br>Referred to: Magistrate Judge Patrick J. Walsh<br><br>Complaint Filed September 27, 2012 |

**JOHN DOE'S NOTICE OF RELATED CASES**

## NOTICE OF RELATED CASES

Plaintiffs AF Holdings, LLC and Ingenuity 13, LLC are both shell entities organized under the laws of the Federation of Saint Kitts and Nevis. Both entities have filed a tsunami of John Doe pornographic copyright infringement actions in United States District Courts, including 49 total cases currently pending in this judicial district. Both entities are represented by the same plaintiffs law firm: Prenda Law, Inc. (f/k/a Steele Hansemeier PLLC). Both entities have filed substantially identical cookie cutter complaints and *ex parte* applications seeking leave of Court to issue subpoenas to ISPs prior to a Rule 26(f) conference. In support of their applications for early discovery, both entities have offered a declaration from "Peter Hansemeier"[1] who purports to be a computer expert. Generally speaking, the pleadings in all the AF Holdings cases and Ingenuity 13 cases in this district track paragraph by paragraph, word for word. The only real difference between the two groups of cases appears to be the particular pornographic works at issue and, of course, the varying IP addresses identified in the complaints.

Consistent with the practice of similar plaintiffs, Prenda Law generally neglects to file Notices of Related cases when filing its multiple actions, even though many of the cases involve the same copyrights as one another. The undersigned believes that judicial economy would be served, and a duplication of judicial labor would be avoided, by transferring all of the Ingenuity 13 and AF Holdings cases to a single Judicial Officer.

In particular, there are material, ***common issues of law and fact relating to the propriety of pre-service discovery*** in these cases that could best be handled in a consolidated proceeding before a single Judicial Officer. Further, as demonstrated in the Exhibits to this Notice, there is now ***credible evidence of another <u>deeply troubling connection between both groups of cases</u>***: it appears both entities may be engaged in the same widespread fraud, which involves misappropriation of the identity of one Mr. Alan Cooper of Minnesota.

---

[1] On information and belief, Peter Hansemeier is the brother of John Steele's former law partner Paul Hansemeier. Peter Hansemeier routinely provided the same kind of 'technical expert' services for Steele Hansemeier, PLLC that he now provides for Prenda Law, Inc.

JOHN DOE'S NOTICE OF RELATED CASES

**(a)    Common Issues of Law and Fact Between the Related Cases: (1) Is There a Widespread Fraud With Respect to the Use of the Identity of One Mr. Alan Cooper by AF Holdings and Ingenuity 13; (2) Do These Entities Have Proper Standing; (3) Are John Steele and/or Prenda Law the Undisclosed, Real Parties in Interest in These Cases; (4) Do These Cases Involve Improper Fee Splitting?**

Both AF Holdings, LLC and Ingenuity 13, LLC have, in other actions, identified a Mr. Alan Cooper as their sole principal. In 2011, plaintiff's counsel in the Ingenuity 13 and AF Holdings actions here, Mr. Brett Gibbs, filed a miscellaneous action styled as a "Verified Petition to Perpetuate Testimony" on behalf of Ingenuity 13, LLC. *In the Matter of a Petition by Ingenuity 13, LLC*, E.D. Cal. Case No. 2:11-mc-JAM-DAD, ECF No. 1, 10/28/11.[2] The petition, which was filed and e-signed by Mr. Gibbs, also contained a verification electronically signed with the "/s/" by "Alan Cooper, Manager of Ingenuity 13, LLC".[3]

As demonstrated in a letter recently e-filed in two AF Holdings cases pending in federal courts in Minnesota, (Appendix 1) a very troubling series of as-yet unexplained circumstances have recently come to light with respect to this Alan Cooper, purported principal of both AF Holdings, LLC and Ingenuity 13, LLC. There *is* a man named Alan Cooper who lives in Minnesota and who, according to his newly-retained attorney,

> "had for several years acted as a caretaker for a Minnesota property owned by an attorney by the name of **John Steele**. When visiting his property, Steele had on numerous occasions bragged to my client about a plan involving massive copyright litigation in multiple jurisdictions. **He also specifically**

---

[2] A copy of Ingenuity 13's verified petition executed by "Alan Cooper" is attached as "Exhibit E" to the Letter Mr. Cooper's attorney filed with the Minnesota courts (the complete ECF letter filing from Cooper's attorney is attached hereto as Appendix 1).

[3] Verifications of such petitions are generally supposed to be notarized with an original paper signature. However, instead of a notarized signature, the verification of the petition in question instead stated the following below Mr. Cooper's signature "I, Brett L. Gibbs, Esq., hereby confirm per Eastern District of California Local Rule 131(f) that counsel for Plaintiff has a signed original notarized version of the above Verified Petition." "Exhibit E" to Appendix 1.

-2-
**JOHN DOE'S NOTICE OF RELATED CASES**

***instructed my client to contact him if anyone asked about various corporations***, that Cooper was to call him. When Cooper confronted Steele about that, Steele told him not to worry about it." Appendix 1, p. 1.

John Steele was the founding partner of Steele Hansemeier, PLLC, which was the predecessor to Prenda Law, Inc. (current plaintiff's counsel in the AF Holdings and Ingenuity 13 cases in this district). According to Mr. Steele, he sold his client book to Prenda Law, and depending on who is asking him, he now variously describes himself as both "of counsel," to Prenda Law ("Exhibit A" to Appendix 1), or "not an attorney with any law firm" (Appendix 2, pp. 11:25–12:7).[4] As noted above, Peter Hansemeier, the brother of John Steele's former law partner, Paul Hansemeier is now involved in the actions pending before this Court as the technical expert for both Ingenuity 13 and AF Holdings.

Perhaps this is all a coincidence and there really is another Alan Cooper who is the true principal both AF Holdings, LLC and Ingenuity 13, LLC, both of which were established in Saint Kitts and Nevis (which, incidentally, has very strict laws prohibiting disclosure of corporate information).[5] Concerned that AF Holdings and Ingenuity 13 may have usurped his identity without his knowledge or authorization, and that he could end up being liable for litigation awards in connection with AF Holdings' and Ingenuity 13's many court cases nationwide, Mr. Cooper hired an attorney to seek clarification and make inquiries on this matter. ***The responses Prenda Law and John Steele have made to these inquiries have not been reassuring***. Immediately after Mr. Cooper's lawyer filed a notice of appearance on his behalf in one of the Minnesota cases, John Steele attempted to call the Minnesota Mr. Cooper directly, multiple times, notwithstanding the fact that Mr. Cooper

---

[4] Appendix 2 is a copy of a transcript from a recent federal court hearing in the Middle District of Florida, wherein Judge Scriven attempted to make inquiries about the identity of the real party in interest in Prenda cases, among other questions.

[5] "Managers and final beneficiaries are not registered anywhere, this way they have total anonymity." http://www.offshorebankshop.com/en/11-saint-kitts-and-nevis-offshore-company-form-tax-haven-limited-liability.html

-3-
**JOHN DOE'S NOTICE OF RELATED CASES**

was represented by counsel. <u>Appendix 1</u>, p. 2. Since then, Prenda Law's principal Paul Duffy has apparently disavowed Mr. Steele, and directed Mr. Cooper's attorney that this should be considered solely a matter between Mr. Cooper and John Steele. <u>Appendix 1</u>, p. 2. Prenda Law, which still represents both AF Holdings and Ingenuity 13, has so far refused to clarify whether there really is another Alan Cooper who is the true principal of these entities.

All of these facts regarding Alan Cooper are highly relevant to both the AF Holdings and Ingenuity 13 cases pending in this District. For some time, undersigned counsel has suspected that John Steele and/or Prenda Law, Inc. may hold an undisclosed pecuniary interest in the outcome of this litigation, in contravention of Fed. R. Civ. Proc. 7.1, and L.R. 7.1-1. This concern is particularly acute given that there are suggestions that in these kinds of cases the lawyers are paid on a contingent fee basis, but the split between the lawyers and the clients may be 70/30 or even 90/10 in favor of the lawyers, which may constitute improper fee splitting.[6]

Undersigned counsel is not the only one curious about these details. On November 27, 2012 Judge Scriven of the Middle District of Florida attempted to investigate these issues in a Prenda Law case pending in her Court, after defense counsel suggested that Prenda Law may be engaged in improper fee splitting. *Sunlust Pictures, Inc. v. Tuan Nguyen*, M.D. Fl. Case No. 8:12-CV-1685-T-35MAP. Judge Scriven ordered a principal of Prenda Law, Inc. to attend a hearing on John Doe motion, and also ordered a principal of Sunlust Pictures, the plaintiff in that action, to attend the hearing as well. According to the transcript from this hearing (attached hereto as <u>Appendix 2</u>) Prenda's "sole principal" Paul Duffy, belatedly notified the Court that he could not attend due to a health issue. After two prior local counsel sought to withdraw from the matter, Prenda placed an advertisement in

---

[6] 70/30 split: James DeBriyn, *Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79, 86 (2012) fn 85. 90/10 split: http://fightcopyrighttrolls.com/2012/05/27/no-agenda-show-about-copyright-trolling-its-a-complete-mafioso-operation/

a local newspaper and obtained a new, third local counsel, who, after filing a notice of appearance and conferring with defense counsel, almost immediately sought to withdraw. Sunlust also did not send a principal to the hearing; rather, it sent John Steele's former paralegal as its "corporate representative" for hire, despite the fact that this person had no authority to bind the company, and that he did not know who owned or managed it. Accordingly, despite a Court order requiring them to do so, neither Prenda Law nor its client Sunlust Pictures sent a principal to the hearing.[7] Judge Scriven nevertheless attempted to inquire about the ownership of Sunlust and about the financial interest of Prenda Law and its local counsel in the litigation. However, neither the belatedly-hired local counsel nor the "corporate representative"—i.e., John Steele's former paralegal—had satisfactory answers to these questions, so Judge Scriven dismissed the case and invited a motion for sanctions. Appendix 2.

In short, it appears the plaintiffs' lawyers may truly be the real parties in interest in these cases, there are undisclosed financial interests in the outcome, improper fee splitting may be occurring, and if the Minnesota Alan Cooper truly is the real principal of Ingenuity 13 and AF Holdings entities (but without knowing it until now) there is a major question about the validity of the standing of these entities to sue for copyright infringement, not to mention more serious questions of perjury, and systemic fraud on the Court.

The undersigned respectfully suggests that these very troubling issues—which are equally applicable in all of the Ingenuity 13 and AF Holdings cases in this district—could best be addressed in a unified proceeding before a single Judicial Officer.

---

[7] Coincidentally, one person who did attend the hearing: John Steele. Mr. Steele started out in the gallery and purported not to be involved in the case, but after the Court noticed the "corporate representative" constantly trying to confer with Mr. Steele, the Judge asked Mr. Steele who he was, and then asked him for answers to some of her questions about Sunlust Pictures, which Mr. Steele provided. Appendix 2, p. 18:12-24.

**(b)  The Ingenuity 13 Cases and the AF Holdings Cases Call for Determination of Several Other Identical Questions of Law and Fact**

Aside from the Alan Cooper issues noted above, there are several other, more run of the mill reasons supporting the relation of the Ingenuity 13 cases to the AF Holdings cases.

As noted above, in each case there will be the exact same *identical* question regarding the propriety of the pre-Rule 26 subpoenas. Specifically, multiple courts in this district are now being asked to consider whether the subpoenas, by themselves, are "very likely" to result in the identification of actual defendants. *See Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980) (discovery seeking to identify John Does should only be allowed when it is "very likely" to identify actual defendant). Further, based on exactly the same facts, multiple courts will be asked to consider whether the AF Holdings and Ingenuity 13 complaints can withstand a hypothetical motion to dismiss for lack of standing under the Copyright Act. Further, there is also a question about whether the complaint can withstand a hypothetical motion to dismiss for failure to join an indispensible party (namely, the "initial seeder). *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (in evaluating the propriety of ISP subpoenas seeking to identify anonymous individuals, Courts must consider hypothetical motions to dismiss the complaint).

At a minimum, short of complete transfer, the Court might consider consolidating[8] all of these actions for pre-service litigation issues, which will undoubtedly include hearing multiple motions to quash, as well as perhaps additional motion practice related to the

---

[8] Since the undersigned's client is not yet a named party, merely an ISP subscriber the plaintiff has *accused* of being a defendant, without yet naming or serving him, the undersigned is not able to make a motion for consolidation. Such motions may only be made by parties. However, the Court has authority to consolidate actions, or parts of actions, *sua sponte. Yousefi v. Lockheed Martin Corp.* 70 F Supp2d 1061, 1065 (C.D. Cal 1999) ("Only a party to an action may move for consolidation of its action with another; alternatively, a district court presiding over the matters may order consolidation *sua sponte*) citing In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012-21 (5th Cir. 1977) (explaining who may assert a motion to consolidate).

discovery process used to go from identifying ISP subscribers to identifying actual Doe defendants who can be named and served in a manner consistent with Rule 11.

**(c) Transfer of the Ingenuity 13 and AF Holdings Cases to Single Judicial Officer Would Entail Substantial Savings of Judicial Effort**

As noted above, there are a number of issues that are going to be absolutely identical in each and every one of the AF Holdings and Ingenuity 13 cases. The reason the issues are identical is because all of the cases were filed by the same attorney, Mr. Brett Gibbs, who is identifies himself as "of counsel" to Prenda Law, and all the cases use the exact same cookie-cutter pleadings. While it is undoubtedly true that if any of these cases actually proceed to the service of a complaint, the different factual circumstances and different defenses available to each of the John Does will predominate, there are multiple *pre-service* issues Courts are typically asked to consider in these kinds of cases. Particularly given that most of Prenda's cases do not typically result in service of process, but they almost always result in motions to quash being filed by ISP subscribers, and related motion practice regarding pre-service discovery. Further, particularly in light of the common questions of law and fact relating to Mr. Alan Cooper of Minnesota, the undersigned respectfully suggests that transfer is appropriate.

A complete list of the AF Holdings and Ingenuity 13 cases pending in this district is attached as Appendix 3.

Respectfully submitted,

DATED: December 3, 2012          THE PIETZ LAW FIRM

                                 */s/ Morgan E. Pietz*

                                 Morgan E. Pietz
                                 THE PIETZ LAW FIRM
                                 Attorney for Putative John Doe(s)
                                 Appearing on Caption

JOHN DOE'S NOTICE OF RELATED CASES

## CERTIFICATE OF SERVICE

     I hereby certify that on this day, the above document was submitted to the CM/ECF system, which sent notification of such filing(s) to the plaintiff Malibu Media, LLC, which is registered for electronic service.
     Check if Applicable:
     [ ]   Copies of these documents were also served via U.S. Mail, on this date, to the following parties, who are not registered for electronic service:
          N/A

Respectfully submitted: December 3, 2012    THE PIETZ LAW FIRM
                                                        */s/ Morgan E. Pietz*
                                                        Morgan E. Pietz
                                                        THE PIETZ LAW FIRM
                                                        Attorney for Putative John Doe(s)
                                                        Appearing on Caption