Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | Case No. 2:12-cv-05709-ODW-JC <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S SUPPLEMENT TO NOTICE OF RELATED CASES** |

## INTRODUCTION

The undersigned expects that, sooner rather than later, Mr. Morgan Pietz[1] will not require an introduction. His tireless efforts to burden the judicial system, waste Plaintiff's resources, and completely ignore the interests of his clients now extend to both this District as well as the Northern District of California. It has become unmistakably clear that Mr. Pietz filed his Notice of Related Cases and Supplement to Notice of Related Cases in bad faith. The most damning evidence is provided by his recent conduct in the Northern District of California. Mr. Pietz sought to submit another frivolous attempt to relate cases (termed "Administrative Motion to Relate Cases" in the Northern District). He clearly recognized that the Local Rules[2] mandate that such motions not exceed 5 pages, as he filed an "Administrative Motion to Exceed Five-Page Limit for Administrative Motion to Relate Cases" in the first case he sought to relate, 3:12-cv-02049-EDL (hereinafter "12-2049"). Mr. Pietz's patience

---

[1] Attorney for the "Putative John Doe in Related Case," who has filed the instant Motion to Exceed Page Limit. The Court should note that, despite Mr. Peitz's description of his client, none of the cases are related at this time.
[2] Namely Northern District L.R. 7-11(a)

with and respect for the requirements of the judicial process apparently did not extend beyond one hour, or beyond 12-2049; Mr. Pietz filed his Administrative Motion to Exceed Five-Page Limit in 12-2049 at 1:35 PM.  He filed his Administrative Motion to Relate Cases, consisting of 107 total pages (18 of which focused on "arguments" berating Plaintiff's counsel), in case 12-2049 a scant 59 minutes later, at 2:34 PM. Apparently emboldened by discovering that the Northern District Court's ECF allowed him to file documents that do not comply with judicial requirements, Mr. Pietz decided to file the Administrative Motion to Relate Cases in Case No. 12-2415, Case No. 12-2393, Case No. 12-2394, Case No. 12-2396, and Case No. 12-2411, all with the same amount of pages included in each, without even bothering with the formality of a token (mandatory) request to the Court as he had in 12-2049.

This particular example of Mr. Pietz's conduct exemplifies the bad faith with which he has pursued these attempts to relate cases. It would not surprise the undersigned if Mr. Pietz were to now take the same actions in the Eastern District of California and the Southern District of California. For the reasons described herein, Mr. Pietz's Notice of Related cases should be disregarded, the Court should exercise its inherent power to strike the Notice, and should further give Mr. Pietz a stern warning that his reckless behavior will not be tolerated.

### MR. PIETZ'S RATIONALE

Mr. Pietz's wanton disregard of the judicial process is, perhaps, confusing to those who are unfamiliar with his abusive behavior, though it is quite familiar to the targets of this behavior.  The undersigned has a simple explanation for his conduct: Mr. Pietz is motivated by gaining publicity. Specifically, Mr. Pietz believes that his sloppy attempts to defame and overburden Prenda Law[3] will gain him coverage—and, subsequently, clients—from the two primary niche blogs which vehemently oppose Prenda's efforts to protect its clients' copyrights.[4] Mr. Pietz has gone to great lengths

---

[3] For which the undersigned serves in an of counsel role
[4] http://fightcopyrighttrolls.com/, http://dietrolldie.com/

to pander to this particular audience. One of the most egregious examples is his publication of what the undersigned believed to be confidential communication between himself and Mr. Pietz. Though the undersigned stands by every word he said therein, Mr. Pietz has committed a grievous ethical violation by not only publishing those emails as an exhibit to his Administrative Motion to Relate Cases in the Northern District and the instant Supplement to Notice of Related Cases, but also providing the email exchange to the fightcopyrighttrolls.com website.[5] While this is a reality that has taken over the traditional legal practice—meet and confers are published the moment they are complete, no sense of professionalism or confidentiality amongst (some) lawyers—it does not have to be accepted. As Plaintiff shall argue in its subsequent Motion for Sanctions, this particular motivation of Mr. Pietz's conduct is particularly inexcusable.

Mr. Pietz's attempts to attract the attention of defendants in the undersigned's cases stretch even farther back. Mr. Pietz is attorney for Defendant in *Lightspeed v. Nason* (Case. No. NC057950) (Sup. Ct. of Los Angeles). In that case, Mr. Pietz filed three separate motions to be heard at one hearing: a motion for sanctions (based solely on the Complaint itself), a motion to furnish security, and a demurrer. Mr. Pietz chose to copy and paste the first six pages—containing the same sort of abusive, unsubstantiated allegations as he has presented in the instant Supplement—across all three of his motions. The Court thoroughly admonished Mr. Pietz for his lack of judgment in filing the motion for sanctions and motion to furnish security, commenting on how he was wasting the resources of the Court. That case now carries on.

Mr. Pietz clearly has not learned his lesson. The federal courts ought not be used as a marketing tool for Mr. Pietz's struggling law practice. Mr. Pietz's lack of substantive arguments, his willful disregard for the judicial process in the Northern

---

[5] http://fightcopyrighttrolls.com/2012/12/11/facing-uncomfortable-questions-brett-gibbs-throws-a-tantrum/

District of California and the Los Angeles County Superior Court (as well as in this Court), and his unethical decision to publish confidential communication between himself and the undersigned all indicate that Mr. Pietz is motivated by gaining publicity.

## THE CASES ARE NOT RELATED

Though the concepts of joinder and relation of cases are somewhat distinct, these analyses share some common themes. The foremost of these commonalities is the fact that each route ends in the same practical result of having the cases of multiple defendants being heard by the same judicial officer. The issue of whether joinder of multiple defendants is appropriate in online copyright infringement cases has been addressed several times in the District courts of this Circuit, and the District judges of this Circuit have consistently ruled against such joinder.[6] Much of the logic applicable to finding joinder to be inappropriate is similarly applicable to the question of whether the instant cases Movant seeks to relate are, in fact, related. First of all, the District courts of this Circuit have asserted that separate instances of copyright infringement, even of the same copyrighted work, cannot be sufficient to allow for joinder of those separate defendants, undermining the proposition that multiple cases are related to each other just because they involve the same type of conduct. In addition, the Northern District has directly rejected the rationale of judicial economy proffered by Movant, asserting that "joinder also fails to promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. Though the 149 Doe defendants may have engaged in similar behavior, they are likely to present different defenses."[7] Thus, despite the fact that joinder and relation of cases are analyzed somewhat differently, the practical end result is the same: whether the

---

[6] *See*, e.g., *Boy Racer v. Does 1-60*, No. 3:11-cv-01738-SI, ECF No. 24, (N.D. Cal. August 19, 2011) (dismissing case without prejudice to plaintiff filing individual actions against remaining defendants); *Boy Racer v. Does 1-52*, 2011 U.S. Dist. LEXIS 58345 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (severing does 2-52); *Boy Racer v. Does 1-71*, 2011 U.S. Dist. LEXIS 57975 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (severing does 2-71); *MCGIP v. Does 1-149*, No. C 11-02331 LB, ECF No. 6 (N.D. Cal. August 15, 2011) (finding permissive joinder to be inappropriate)

[7] *MCGIP v. Does 1-149*, No. C 11-02331 LB, ECF No. 6 (N.D. Cal. August 15, 2011)

defendants in each of the cases Movant seeks to relate were brought before the same judge on the basis of joinder or on the basis of relation of cases, the same disadvantages previously described would apply.

Finally, as a matter of common sense, these cases involve different defendants, different circumstances, different infringements, different times of infringement, different videos, and different BitTorrent swarms ; as such, each case presents its own unique set of circumstances, and to burden one judicial officer with all of these unique circumstances would fly in the face of common sense.

## CONCLUSION

The cases Movant seeks to relate are not related, but that does not matter to Mr. Pietz. His ends were already accomplished when he filed his flurry of misguided attempts to relate cases in the Northern and Central Districts of California. Within the next day or two, Mr. Pietz will undoubtedly forward these filings on to the aforementioned anti-copyright enforcement blogs, and will reap the rewards of defendants in copyright infringement cases admiring his work and seeking his services. Mr. Pietz is welcome to market himself however he wants, but he should not be permitted to use the federal judiciary as a venue to flyer his name, burdening the Court, taxing Plaintiff, and doing a disservice to his client.

Respectfully submitted,

PRENDA LAW, INC.

**DATED: December 14, 2012**

By:   /s/  Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system on December 14, 2012 on all counsel or parties of record who are deemed to have consented to electronic service.

                                    ____/s/_Brett L. Gibbs, Esq._____
                                          Brett L. Gibbs, Esq.

6
PLAINTIFF'S RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASES   No. 2:12-cv-05709-MWF-JC