Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | No. 2:12-cv-05709-ODW-JC <br><br> **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE LACK OF SERVICE** |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE LACK OF SERVICE

On December 20, 2012, this Court issued its Order to Show Cause Re Lack of Service in this case. (ECF No. 16). In that order, the Court pointed out that under the Federal Rule of Civil Procedure 4(m), "defendant must be served within 120 days after the complaint is filed, or else the Court 'must dismiss the action without prejudice.'" (*Id.*) Further, the Court ordered that Plaintiff "has 7 days to comply with this order, or if Defendant have [sic] been served, Plaintiff has 7 days to file the proof of service." (*Id.*) The Supreme Court, however, has unambiguously held that "the 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance."[1] The Supreme Court also noted that "courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown."[2] Plaintiff nevertheless responds as follows. Plaintiff's delay in complying with the irreducible allowance of FRCP 4(m) was caused by the fact that its investigation in this case

---

[1] *Henderson v. United States,* 517 US 654, 661 (1996).
[2] *Id.* (Internal citations omitted).

was quite burdensome. Plaintiff's efforts to reach out to the subscriber were unsuccessful, and Plaintiff's investigation was made even more difficult by complications with the subscriber's name, Liu Hsia Guo, which had multiple variations. Nevertheless, Plaintiff persisted in its investigation, and was able to determine that Justin Guo was the likely infringer in the household. Having made this initial determination, Plaintiff sought to confirm Justin Guo's present residence address, in order to ascertain the most proper venue for Plaintiff to pursue its litigation against Mr. Guo. Plaintiff's further investigations have established that Mr. Guo does indeed still reside within the boundaries of the Central District of California. As such, Plaintiff mailed to the Court an Amended Complaint naming Justin Guo as the Defendant in this action.

Respectfully Submitted,

**DATED: December 27, 2012**

By: \_\_\_\_/s/ Brett L. Gibbs_____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*