JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, <br>            Plaintiff, <br>    v. <br> JOHN DOE, <br>            Defendant. | Case No. 2:12-cv-5709-ODW(JCx) <br> **ORDER DISMISSING CASE** |

Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 120 days after the complaint is filed, or else the Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). This action commenced on July 2, 2012.

On December 20, 2012, the Court ordered Plaintiff to show cause why it failed to timely serve the Defendant; or if the Defendant has already been served, to submit the proof of service. (ECF No. 16.)

In response, Plaintiff noted that the delay was due to difficulties in finding the Defendant, which Plaintiff has since identified in its First Amended Complaint as Justin Guo. (ECF No. 18.) Plaintiff also contends that the 120-day service deadline should not serve as an outer limit, but rather as a guideline. *Henderson v. United States*, 517 U.S. 654, 661 (1996). If a plaintiff shows good cause for the delay, the court must extend the time for service. Fed. R. Civ. P. 4(m). And a court has discretion to extend the time for service even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Nevertheless, that discretion is not limitless. *See id.* at 1041.

Here, the Court finds that no good cause exists for the delay. Plaintiff's stated difficulties in finding the Defendant appear to stem from Plaintiff's lack of diligence.

1 The fact that Defendant used an alias may have presented a small hurdle, but such a hurdle could have been resolved in a matter of hours using a search service like Lexis. As further evidence of Plaintiff's lack of diligence, no proof of service has been filed in this case—and 206 days have passed since Plaintiff filed its Complaint. Given that passage of time, the Court finds no reason to extend the 120-day limit for service under Rule 4(m).

And to the extent Plaintiff relies on its substitution of Justin Guo as John Doe to extend the 120-day limit for service, this reliance is misplaced. *Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants."); *Aviles v. Vill. of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and served within 120 days of the commencement of the action against them); *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 U.S. Dist. LEXIS 77322, at *5 (N.D. Cal. Oct. 9, 2007) ("Furthermore, the Court may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to FRCP 4(m)."); *Patrick Collins, Inc. v. Does 1–3757*, No. C 10-05886 LB, 2011 U.S. Dist. LEXIS 128029, at *2–3 (N.D. Cal. Nov. 4, 2011) ("The 120 days for service runs from the date of the original complaint for all Doe Defendants . . . named in the original complaint."). The Court also notes that Plaintiff did not substitute Justin Guo as John Doe until January 3, 2013—184 days after it filed its Complaint.

Accordingly, this case is dismissed without prejudice. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 25, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

2